Upon review of all of the competent evidence of record with reference to the errors assigned, and finding no good grounds to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the award, except for minor modifications, the Full Commission AFFIRMS and ADOPTS the Opinion and Award of the Deputy Commissioner as follows:
 ***********
The Full Commission finds as fact and concludes as matters of law the following which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. An employment relationship existed between plaintiff-employee and defendant-employer at all relevant times herein.
3. Cigna Property and Casualty Company is the carrier on the risk.
4. The date of the alleged injury by accident is July 12, 1995.
5. The parties entered into a Pre-Trial Agreement dated November 13, 1996.
6. Plaintiff's average weekly wage is to be calculated from Industrial Commission Form 22.
7. The parties have also stipulated to the medical records of Drs. Clontz, Laxer and Joseph Zucker, and plaintiff's medical records from Presbyterian Orthopaedic Hospital.
 ***********
Based upon all of the competent evidence from the record herein, the Full Commission adopts the findings of fact by the Deputy Commissioner with minor modifications as follows:
 FINDINGS OF FACT
1. At the time of the hearing, plaintiff was 51 years old with a tenth grade education.
2. Plaintiff's job with defendant-employer included inspecting pre-stacked base cups for two-liter soft drinks and also taping closed boxes of those stacked base cups and then stacking the boxes on pallets.
3. On March 13, 1995, plaintiff presented to Lori Agan, a physician's assistant at the Nalle Clinic, after falling approximately five feet onto a cement floor while carrying groceries. Plaintiff complained of pain in the back of her legs and heel pain. This was not a work-related fall.
4. At the hearing, plaintiff testified that while at work at approximately 1:00 a.m. on July 12, 1995, she injured her lower back when a box filled with base cups fell on her head causing her to twist, following which she experienced immediate low back pain. Plaintiff further stated that she sought medical treatment from Dr. Ted Clontz, her family doctor, for back pain in July of 1995 and monthly thereafter through January of 1996.
6. Dr. Clontz stated, and his records reflect, that plaintiff did not seek treatment from him in July of 1995. Plaintiff only received treatment from Dr. Clontz in March, June and October of 1995. Plaintiff made no complaints of low back pain during any of these visits. It was not until plaintiff's visit to Dr. Clontz on February 15, 1996 that plaintiff reported any back pain to Dr. Clontz.
7. Plaintiff presented to Dr. Joseph Zucker of the Nalle Clinic on April 8, 1996 and reported that on February 7, 1996 she fell while climbing stairs and injured her lower back.
8. Based on the information in plaintiff's medical records and the history given by plaintiff to Drs. Clontz and Zucker. Plaintiff has failed to prove by the greater weight of the evidence that her symptoms are causally related to any injury by accident on July 12, 1995.
 ***********
Based on the foregoing stipulations and findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. Plaintiff did not sustain an injury by accident arising out of and in the course and scope of her employment with defendant on July 12, 1995. N.C. GEN. STAT. § 97-2(6).
2. Plaintiff failed to carry the burden of proof to establish that she was injured at work and therefore, she is not entitled to benefits under the Act.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 ORDER
1. Plaintiff's claim is and under the law must be DENIED.
2. Each side shall pay its own costs.
This the ___ day of July 1998.
 S/ ________________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
S/ ______________________ THOMAS J. BOLCH COMMISSIONER
S/ ______________________ RENÉE RIGGSBEE COMMISSIONER